# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KELVIN J. ROBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV411-034 |
| | ) |
| CITY OF SAVANNAH and | ) |
| MAYOR AND ALDERMAN, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Kelvin J. Robbins has filed what appears to be a 42 U.S.C. § 1983 complaint[1] against the City of Savannah and its mayor and alderman for a 2008 car accident with a city vehicle. (Doc. 1.) He also moves to proceed *in forma pauperis* ("IFP"). (Doc. 2.) He attests that he has no

---

[1] He cannot proceed under the Court's 28 U.S.C. § 1332(a) diversity jurisdiction, since all parties reside in Georgia. *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *see Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (plaintiff must show "complete" diversity in order to proceed under a federal court's diversity jurisdiction; no plaintiff may share the same state citizenship with any defendant). Hence, he must raise a federal question under 28 U.S.C. § 1331. The only conceivable claim here is that the defendants violated his civil rights under 42 U.S.C. § 1983.

job, income, or savings and that he is wholly dependent upon his mother. Accordingly, the Court **GRANTS** him leave to proceed IFP. Robbins's complaint, however, should be dismissed.

IFP is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to *sua sponte* dismiss in IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Robbins's case fails to state a claim for relief since it was filed outside of the statute of limitations applicable to such actions. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"). He filed suit on February 14,

2011 for an accident that occurred in 2008, more than two years earlier. Hence, it was filed outside of the two-year limitations period applicable to § 1983 actions brought in Georgia. *E.g.*, *Mullinax v. McElhenney*, 817 F.2d 711, 71516 n.2 (11th Cir. 1987); *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries.").[2] Accordingly, Robbins's case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  2nd  day of March, 2011.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[2] Moreover, the claim fails even if it had been timely filed. Neither negligence nor recklessness (short of criminal recklessness) on the part of the city truck driver will support a claim under § 1983. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Daniels v. Williams*, 474 U.S. 327, 336 (1986). Additionally, Robbins has likely named improper defendants, since claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior*. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).